# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:06cv347

| | |
|---|---|
| CAROL KAY ALBERTA, | ) |
| Plaintiff, | ) |
| Vs. | ) ORDER |
| McDONALD'S CORPORATION, | ) |
| Defendants. | ) |

**THIS MATTER** is before the court on a proposed "Consent Protective Order," which has not been filed and has been sent to chambers via CyberClerk by counsel unaccompanied by a motion. As provided in Rule 7(b)(1), Federal Rules of Civil Procedure, and reflected in Local Rule 7.2, an application to the court for an Order or other relief must be made in the form of a written motion. The court adheres to these rules not simply because they are rules; instead, the requirement of filing a motion insures that the court reaches the issue, inasmuch as there is no provision for CM/ECF to track freestanding proposed Orders. The requirement of a motion further serves the public interest in assuring that Orders which limit public review are based on good and adequate cause.

With those concerns in mind, the court will strike the "Consent Protective Order" as improvidently submitted, and instruct the parties to file a joint or consent Motion for Protective Order, therein showing good and adequate cause for the relief sought. Counsel may <u>attach</u> the proposed Consent Protective Order as attachment to

the motion or they may submit it to the court through CyberClerk, or both. Proposed Orders that are unaccompanied by motions filed through ECF are, however, improper and there is no guarantee that they will even be found.

Finally, the court has reviewed the docket in this matter and it appears that counsel for plaintiff has also made filing errors. Counsel are respectfully advised to review their notes and course material from ECF training.

## ORDER

**IT IS, THEREFORE, ORDERED** that the "Consent Protective Order" is **STRICKEN** as improvidently submitted.

Signed: March 5, 2007

Dennis L. Howell
United States Magistrate Judge